**FOX ROTHSCHILD LLP**
*Formed in the Commonwealth of Pennsylvania*
Mark E. Tabakman, Esq.
Ian W. Siminoff, Esq.
75 Eisenhower Parkway
Roseland, New Jersey, 07068
(973) 994-7507
isiminoff@foxrothschild.com

*Attorneys for Defendant*
*Ocean-Monmouth Legal Services, Inc.*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALETA PICKETT and SARA RODGERS<br><br>Plaintiffs,<br><br>vs.<br><br>OCEAN-MONMOUTH LEGAL SERVICES, INC.<br><br>Defendant. | Civil Action No.<br><br><br><u>NOTICE OF REMOVAL</u><br>(Federal Question Preemption) |

TO:  THE HONORABLE JUDGES OF THE
     UNITED STATES DISTRICT COURT
     FOR THE DISTRICT OF NEW JERSEY

Defendant Ocean-Monmouth Legal Services, Inc. (hereinafter referred to as "Defendant" or "OMLS"), a corporation organized under the laws of the State of New Jersey, with its principal place of business in the State of New Jersey, by and through its attorneys, Fox Rothschild LLP, respectfully says:

1. Plaintiffs Aleta Pickett and Sara Rogers commenced the above-captioned action on or about October 24, 2011, by filing a Three-Count Complaint in the Superior Court of New Jersey, Law Division, Monmouth County, entitled <u>Aleta Pickett and Sara Rogers v. Ocean-Monmouth Legal Services, Inc.</u>, Docket No. MON-L-4885-11. Said action is now pending in that Court.

2. On November 2, 2011, Plaintiffs provided Defendant with a copy of the Summons and Complaint. Receipt of the Summons and Complaint on that date was Defendant's first receipt of a pleading containing a claim for relief asserted by Plaintiffs which could be Removed to this Court. A copy of the Summons, Complaint and Case Information Statement, which constitute all of the process and pleadings to date, are annexed hereto collectively as Exhibit A.

3. In their Complaint, Plaintiffs allege that Defendant breached several provisions of a collective bargaining agreement ("CBA") entered into between Defendant and the National Organization of Legal Service Workers, International Union UAW, Local 2320, AFL-CIO (the "Union"), and failed to act in good faith in connection with the CBA, by allegedly failing to pay them certain severance and vacation pay in accordance with the terms of the CBA, at the time of their involuntary layoffs. <u>See</u> Exhibit A.

4. By way of example and not limitation, Plaintiffs allege in Count One, ¶ 19, of the Complaint: "Defendant OMLS' wrongful and unjustifiable failure to comply with the provisions of the CBA constitutes a breach of contract, and has deprived Plaintiffs of valuable contractual rights conferred by the CBA." <u>See also</u> Count Two, ¶ 4 ("By reasons of their failure and refusal to pay Plaintiffs ... without reasonable justification and breach of the covenant of good faith and fair dealing implicit in Articles 16 and 20 of the CBA"), and Count Three, ¶ 6 ("Plaintiffs seek a

declaration as to rights, duties, status and other legal relations between them and Defendant arising under and out of the provisions of Article 16 and 20 of the CBA.").

5. As such, Plaintiffs allege claims that are founded directly on rights allegedly created by a CBA, and are substantially dependent on the analysis of a CBA and interpretation of several of its provisions, including, but not limited to, the grievance and arbitration Articles, and the severance and vacation Articles. The CBA, solely, purportedly establishes the very rights Plaintiffs seek to vindicate in this matter. Any determination of whether OMLS violated the CBA would, of necessity, require an interpretation of the CBA. Therefore, the Plaintiffs' Complaint is completely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"); the Court has original jurisdiction pursuant to 28 U.S.C. § 1331; and this matter is properly Removed pursuant to 28 U.S.C. § 1441. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 213, 220 (1985).

6. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b).

7. Upon the filing of this Notice of Removal, Defendant shall give written notice thereof to Kevin E. Daniels, Esq., of Daniels & Davis-Daniels, Esqs, attorneys for Plaintiffs, and Defendant shall file copies of this Notice of Removal and a Notice of Filing Notice of Removal with the Court Clerk, Superior Court of New Jersey, Law Division, Monmouth County, New Jersey.

8. By filing this notice, Defendant does not waive any defenses which may be available to it.

9. There are no other Defendants in this case, so no further consent for Removal is needed.

RL1 969236v1

WHEREFORE, Defendant Removes the above-captioned action now pending against it in the Superior Court of New Jersey, Law Division, Monmouth County, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

                                                FOX ROTHSCHILD LLP

                                     By:  /s/ Ian W. Siminoff
                                                Ian W. Siminoff, Esq.
                                                *Attorneys for Defendant*
                                                *Ocean-Monmouth Legal Services, Inc.*
                                                75 Eisenhower Parkway
                                                Roseland, New Jersey 07068
                                                Telephone: (973) 992-4800
                                                Facsimile: (973) 992-9125
                                                isiminoff@foxrothschild.com

Dated: November 29, 2011