NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Aleta PICKETT and Sara ROGERS,<br><br>        Plaintiffs,<br><br>v.<br><br>OCEAN-MONMOUTH LEGAL SERVICES, INC.,<br><br>        Defendant. | Civ. No. 11-6980<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter has come before the Court on Defendant Ocean-Monmouth Legal Services, Inc.'s (OMLS) Motion to Dismiss [docket #4] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs Aleta Pickett and Sara Rogers (collectively, "Plaintiffs") oppose this motion [13]. The Court has decided this motion after considering the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78(b). For the following reasons OMLS's motion will be granted.

I.  BACKGROUND

This dispute arises out of OMLS's involuntary lay off of Plaintiffs. Plaintiffs allege that OMLS's actions constitute a breach of several provisions of a collective bargaining agreement (CBA) between OMLS and the National Organization of Legal Services Workers, International Union UAW, Local 2320, AFL-CIO ("the Union"). For purposes of the pending motion the Court considers as true all of Plaintiffs' well-pleaded factual allegations. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

In May of 2007, the Union and OMLS entered into a CBA, which covered certain employees of OMLS, including Plaintiffs. Article 16 of the CBA provides that an employee who

1

is involuntarily laid off is to receive severance pay. In addition, Article 20 of the CBA provides that an employee whose employment is terminated is entitled to be paid for a certain portion of their accrued vacation time. In late June 2010, Plaintiffs, along with 21 other OMLS employees, were subjected to an involuntary layoff. At the time of the layoff, however, OMLS did not pay Plaintiffs the amount to which they are entitled under Articles 16 and 20 of the CBA.

The Complaint in this case was originally filed on October 20, 2011. Three separate causes of action are asserted in the Complaint. These claims all arise under state law and include breach of contract, breach of the covenant of good faith and fair dealing, and a claim for declaratory relief seeking a declaration as to the parties' rights and obligations under the CBA.

On November 29, 2011, OMLS removed this case to federal court on the basis that Plaintiff's claims are completely pre-empted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which brings this case within the Court's federal question jurisdiction under 28 U.S.C. § 1331. *See, e.g.*, *Avco Corp. v. Machinists*, 390 U.S. 557 (1968). OMLS has now moved for dismissal of Plaintiffs' Complaint on pre-emption grounds.

**II.     LEGAL STANDARD**

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1947 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler*, 578 F.3d at 210–11. But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the

conclusory allegations ignored, a court must next determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. at 1949). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 129 S. Ct. at 1948). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 129 S. Ct. at 194).

### III.   ANALYSIS

Section 301 of the LMRA provides a federal cause of action against a party who violates a provision of a CBA between an employer and a union. 29 U.S.C. § 185(a). Through this provision, "Congress intended doctrines of federal labor law uniformly to prevail over inconsistent local rules." *Teamsters v. Lucas Flour Co.*, 369 U.S. 95, 104 (1962). Therefore, if a state-law cause of action is dependent on the interpretation of a CBA, that claim is pre-empted by § 301 of the LMRA. *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220–21 (1985).

Plaintiffs readily concede that their state-law claims are pre-empted by § 301 of LMRA. (Pls.' Br. 12). They argue, however, that the Court should simply treat their state-law claims as § 301 LMRA claims. (*Id.* 13). As support for this argument Plaintiffs seize onto language contained in the United States Supreme Court's decision in *Allis-Chalmers*, in which the Court stated that "when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, *the claim must either be treated as a § 301 claim*, or dismissed as pre-empted by federal labor-contract law." *Id.* (citing *Avco Corp. v. Aero Lodge 735*, 390 U.S. 557 (1968)) (emphasis added). Plaintiffs cite only one

other case, *Carluccio v. Parsons Inspection & Maint. Corp.*, No. 06-4354, 2007 U.S. Dist. LEXIS 29993 (D.N.J. Apr. 24, 2007), that purportedly supports this position.

After considering the arguments of the parties, the Court has determined that the Supreme Court's statement in *Allis-Chalmers* is dicta; the Court has found no case in which a court took the course of action suggested by the Plaintiffs. Moreover, *Avco Corp.*—the case cited by the Supreme Court for the proposition that a court can treat state law claims in a Complaint as though they are LMRA claims—dealt only with the issue of removal of a claim from state court. In other words, *Avco Corp.* stands only for the proposition that state law claims falling within the scope of § 301 of the LMRA "aris[e] under 'the laws of the United States' within the meaning of the removal statute." *Avco Corp.*, 390 U.S. at 560. The Court made this clear by stating that "the breadth or narrowness of the relief which may be granted under federal law in § 301 cases is a distinct question from whether the court has jurisdiction over the parties and the subject matter." *Id.* at 561. To the extent that the language quoted from *Allis-Chalmers* is controlling, however, the Supreme Court made clear that it is within the discretion of this Court to determine which course of action is appropriate. *See Allis-Chalmers*, 471 U.S. at 209–10 ("the claim must **_either_** be treated as a § 301 claim **_or_** dismissed as pre-empted by federal labor-contract law" (emphasis added)).

Courts in this circuit readily dismiss claims as pre-empted under § 301 of the LMRA when those claims are premised on state breach of contract and related claims. *See, e.g.*, *Fischer v. G4S Secure Solutions USA, Inc.*, No. 10-6792, 2011 U.S. Dist. LEXIS 97793, *11–12 (D.N.J. Aug. 31, 2011). Even the court in *Carluccio*, which Plaintiffs rely on, ultimately dismissed the plaintiffs claims as pre-empted under § 301. *See Carluccio*, 2007 U.S. Dist. LEXIS 29993, at *12.

4

Another factor militating against Plaintiffs' argument is the end to which Fed. R. Civ. P. 12(b)(6) is aimed. Rule 12(b)(6) is meant to allow those claims that are facially plausible to proceed, while not permitting expensive discovery to commence for claims that are merely "possible." *See Fowler*, 578 F.3d at 211. Construing Plaintiffs claims as though they arose under § 301, it does not appear to the Court as though Plaintiff has validly pled a claim upon which relief may be granted. *Cf. Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (a court need not permit an amended complaint if doing so would be futile). A breach of contract claim under New Jersey state law and a claim arising under § 301 of the LMRA are not identical in regards to what must be pled to state a valid cause of action. For example, "[u]nder federal labor law, aggrieved employees must exhaust their CBA's grievance and arbitration procedures before filing a complaint in federal court 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1537 (3d Cir. 1992). Failure to plead exhaustion can serve as a basis for dismissal of § 301 claims under Rule 12(b)(6). *See, e.g.*, *Carpenter v. Wawa*, No. 09-2768, 2009 U.S. Dist. LEXIS 112509, at *9–10 (E.D. Pa. Dec. 3, 2009). Such a jurisdictional prerequisite is not necessary in breach of contract claims arising under New Jersey state law.

Moreover, in a § 301 claim brought by an employee against an employer, proof of a breach of the duty of fair representation by the employee's union is a necessary condition precedent. *See Albright v. Virtue*, 273 F.3d 564, 576 (3d Cir. 2001); *see also Felice v. Sever*, 985 F.2d 1221, 1226 (3d Cir. 1993). There are no facts alleged in the Complaint on which this Court could rely in determining that it is plausible that the Union in this case breached its duty of fair representation.

In addition, Plaintiffs' claims—if analyzed as though they were pled as § 301 claims—must be brought within a six month period or else be barred by the statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983); *Vadino v. A. Valley Engineers*, 903 F.2d 253, 260 (3d Cir. 1990) (holding that the six month statute of limitations was applicable to claims by an employee against an employer alleging breach of the collective bargaining agreement). Plaintiffs argue in their opposition brief that the statute of limitations did not start to run until June 15, 2011, "when [Plaintiffs] learned . . . from OMLS's attorney, Mr. Mark E. Tabakman, Esq., that Defendant would not pay their accrued vacation and accumulated severance pay in a timely fashion and that they would have to wait until the outcome of their administrative complaints . . . to learn whether they were going to get paid their benefits." (Pls.' Br. 15–16). This occurred, however, almost a full year after Plaintiffs were laid off. To argue that it took a full year to learn that they would not be paid "in a timely fashion" is disingenuous at best—it begs the question of what constitutes "a timely fashion," if it is not within a calendar year. It is unclear to the Court how Plaintiffs could possibly be unaware of Defendant's failure to pay the benefits to which they were entitled immediately following their termination, or at the very least, when no check arrived shortly thereafter. *See Vadino*, 903 F.2d at 260 ("The six-month period commences 'when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation.'" (quoting *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986)). More importantly, however, is that no justification for the Plaintiffs' delay is ascertainable from the face of the Complaint. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (dismissal under Rule 12(b)(6) on statute of limitations grounds is warranted when the complaint facially shows non-compliance).

All of this is to say, in short, that there would be a myriad of problems with Plaintiffs' Complaint were this Court to construe its state-law claims as § 301 claims. Although the Court has serious doubts that Plaintiffs have a colorable claim under § 301, the Complaint will be dismissed without prejudice to the extent that Plaintiffs can assert such a colorable claim. *See, e.g.*, *Fischer*, 2011 U.S. Dist. LEXIS 97793, at *11–12 (doing same).

### IV. CONCLUSION

For the foregoing reasons, Defendant OMLS's motion to dismiss is granted, and Plaintiff's Complaint will be dismissed. An appropriate order will follow.

          */s/ Anne E. Thompson*
          ANNE E. THOMPSON, U.S.D.J.

Date: January 27, 2012