NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Aleta PICKETT and Sara ROGERS,

    Plaintiffs,

v.

OCEAN-MONMOUTH LEGAL SERVICES, INC. and NATIONAL ORGANIZATION OF LEGAL SERVICE WORKERS, INTERNATIONAL UNION UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 2320,

    Defendants.

Civ. No. 11-6980

MEMORANDUM ORDER

THOMPSON, U.S.D.J.

    This matter has come before the Court on two Motions to Dismiss separately filed by Defendants Ocean-Monmouth Legal Services, Inc. ("OMLS") [docket # 20] and National Organization of Legal Service Workers, International Union United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2320 ("the Union") [21] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs Aleta Pickett and Sara Rogers (collectively, "Plaintiffs") jointly oppose these motions [25]. The Court has decided these motions after considering the submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the following reasons both motions will be granted.

    **I.    BACKGROUND**

    This dispute arises out of OMLS's involuntary lay-off of Plaintiffs. Plaintiffs allege that OMLS's actions constitute a breach of several provisions of a collective bargaining agreement

(CBA) between OMLS and the Union. In addition, Plaintiffs have alleged a cause of action against the Union for a breach of the duty of fair representation. For purposes of the pending motion the Court considers as true all of Plaintiffs' well-pleaded factual allegations. *See, e.g.*, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

Following OMLS's termination of Plaintiffs' employment, both Pickett and Rogers filed grievances through the Union against OMLS related to the lay-off. (Am. Compl. ¶ 32). A hearing on this grievance was held on January 14, 2011. (*Id.* ¶ 34). Then, on February 26, 2011, the arbitrator entered a denial of grievance award against Plaintiffs. (*Id.* ¶ 35).

Plaintiffs originally filed the Complaint in this matter against OMLS in state court ("Original Complaint") [1, Ex. A]. On November 29, 2011, OMLS removed [1] this case to federal court on the basis that Plaintiffs' claims were completely pre-empted by § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, which brought this case within the Court's federal question jurisdiction under 28 U.S.C. § 1331. *See Avco Corp. v. Machinists*, 390 U.S. 557 (1968). Following removal, OMLS moved to dismiss Plaintiffs' Complaint on a number of grounds. This motion was granted, but the Court permitted Plaintiffs to file an Amended Complaint within twenty days from the date of the Court's Order. (Order of Jan. 27, 2012) [17]. On February 16, 2012, Plaintiff filed an Amended Complaint [18], adding the Union as a Defendant. Both OMLS and the Union have now moved to dismiss the Amended Complaint. Numerous arguments are presented by the Defendants, but the Court will address only two—the statute of limitations and exhaustion.

## II.   LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir.

2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler*, 578 F.3d at 210–11. But, the court should disregard any conclusory allegations proffered in the complaint. *Id.* Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). This requires more than a mere allegation of an entitlement to relief. *Id.* "A complaint has to 'show' such an entitlement with its facts." *Id.* A claim is only plausible if the facts pleaded allow a court reasonably to infer that the defendant is liable for the misconduct alleged. *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). Facts suggesting the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

On a Rule 12(b)(6) motion, a district court may take into consideration an affirmative defense if such a defense "presents an insuperable barrier to recovery by the plaintiff." *Flight Sys. v. Elec. Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997) (citing *Cont'l Collieries v. Shober*, 130 F.2d 631, 635–36 (3d Cir. 1942)). This defect in the plaintiff's claim, however, must "appear on the face of the pleading." *Cont'l Collieries*, 130 F.2d at 635–36; *see also Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997); *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (stating that this requirement is "critical"). When a Rule 12(b)(6) motion is based on an affirmative defense, a fact that is left out of the complaint but that

is necessary proof required to prevail on the basis of that affirmative defense will be fatal to the defendant's motion. *See, e.g., Dragotta v. W. View Sav. Bank*, 395 F. App'x 828, 831 (3d. Cir. 2010).

### III. ANALYSIS

#### A. *Statute of Limitations*

Both OMLS and the Union argue in their respective motions that the claims raised by the Plaintiffs are barred by the statute of limitations. Claims brought pursuant to § 301 of the LMRA are subject to the six-month statute of limitations of § 10(b) of the National Labor Relations Act. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983); *see also Vadino v. A. Valley Engineers*, 903 F.2d 253, 260 (3d Cir. 1990). This six-month period begins to run "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Hersh v. Allen Prods. Co.*, 789 F.2d 230, 232 (3d Cir. 1986) (quoting *Metz v. Tootsie Roll Indus., Inc.*, 715 F.2d 299, 304 (7th Cir. 1983), *cert. denied*, 464 U.S. 1070 (1984)).

Plaintiffs readily concede that their entitlement to severance and vacation pay vested when they were either laid off or otherwise separated from employment. (Pls.' Opp. Br. at 14). When an aggrieved former employee submits his grievance to his former employer under the terms of a CBA, however, the statute of limitations will be tolled until the employee exhausts the administrative procedures required under the CBA. *See, e.g.*, *Myers v. AK Steel Corp.*, 156 F. App'x 528, 531 (3d Cir. 2005). In such a situation, a plaintiff's cause of action accrues "when the adverse arbitration decision [is] reached." *Whittle v. Local 641, Int'l Bhd. of Teamsters*, 56 F.3d 487, 490 (3d Cir. 1995) (collecting cases).

Here, the arbitrator issued his denial of grievance on February 26, 2011, which the Plaintiffs learned of "[o]n or about [*sic*] first week in March, 2011." (Am. Compl. ¶¶ 35–36). Prior to the initiation of this arbitration proceeding, Plaintiffs were told by the Executive Director of OMLS, Bill Rempel, that they would be paid their accrued vacation and accumulated severance pay after the arbitration was concluded. (Am. Compl. ¶¶ 26–28). When these funds were not paid, Plaintiffs discovered all of the acts constituting the alleged violation. Plaintiffs argue that the statute of limitations should begin to run on June 15, 2011, when OMLS's attorney, Mark Tabakman, informed the Plaintiffs' attorney that they would not be paid their accrued vacation and accumulated severance until the outcome of their administrative complaints with the New Jersey Department of Law and Public Safety, Division of Civil Rights. (Pls.' Opp. Br. at 14–15); *see also* (Am. Compl. ¶ 45). Their position seems to be that the statute of limitations starts to run when OMLS unqualifiedly and affirmatively indicated its intent not to pay, rather than when Plaintiffs became entitled to payment and were thereafter not appropriately paid. Plaintiffs, however, supply no legal authority for this position and the Court does not know of any.

The Union, on the other hand, was not named as a Defendant in this case until Plaintiffs filed the Amended Complaint on February 16, 2012. Like OMLS, the Union similarly argues that Plaintiffs' claim against it for breach of the duty of fair representation is barred by the statute of limitations. Plaintiffs' argument as to the Union's motion is even more untenable than the argument raised against OMLS. Plaintiffs posit that "even though the [U]nion was not joined in the suit until February 16, 2012, Plaintiffs argued that Defendant Union still has not stated one way or another that they are not still pursuing Plaintiffs' request that OMLS pay them their accrued vacation and accumulated severance pay." (Pls.' Opp. Br. at 17). Although put

somewhat confusingly, Plaintiffs appear to argue that because the Union never affirmatively stated that they were no longer pursuing claims on behalf of the Plaintiffs, the statute of limitations has still not started to run. Again, Plaintiffs cite to no legal authority supporting this assertion.[1] Moreover, Plaintiffs' argument is contrary to the very concept underpinning the running of the statute of limitations. On the one hand, Plaintiffs argue that they have stated a valid claim. But on the other hand, Plaintiffs argue that the statute of limitations has not yet started to run, even after the claim has been filed. It is axiomatic that "[a]ccrual . . . occurs once events satisfying all the elements of a cause of action have taken place. At that point, the period prescribed by the applicable statute of limitations ordinarily begins to run—time begins to count against the plaintiff, such that if enough of it goes past he can no longer obtain relief." *William A. Graham Co. v. Haughey*, 646 F.3d 138, 147 (3d Cir. 2011). If Plaintiffs' have stated a valid claim, this implies that the statute of limitations has started to run absent some equitable exception not argued by the Plaintiffs here.

It is clear to the Court from the face of the Amended Complaint that, viewed in the light most favorable to Plaintiffs and in accordance with applicable law, Plaintiffs must have brought their LMRA claims within six months from learning of the arbitration decision. Because Plaintiffs allege that they learned of this decision "on or about [the] first week of March, 2011," the Complaint in this case must have been filed by early September of 2011. The Complaint was not filed, however, until October 24, 2011. *See* (Notice of Removal) [1]. Therefore, Plaintiffs' claims are barred by the statute of limitations.

---

[1] If the Court did accept this argument, it would still likely have to dismiss Plaintiffs' claim against the Union because their claim would not be sufficiently ripe. This would likewise be fatal to Plaintiffs' claims against OMLS because, as explained in the Court's earlier opinion, success in proving a breach of the duty of fair representation is a necessary condition precedent to prevailing on a claim against an employer in a hybrid § 301 action. *See generally Vadino*, 903 F.2d at 260–64.

B.  *Exhaustion*

In addition to being time-barred, Plaintiffs Amended Complaint must also be dismissed because they have failed to exhaust their administrative remedies.  Although a grievance was filed as it relates to the allegedly improper lay-off and failure to reinstate Plaintiffs, no grievance was filed under the terms of the CBA as it relates to unpaid vacation and severance, despite Plaintiffs' claims to the contrary.  (*See* Siminoff Decl., Ex. E (grieving only improper lay-off and failure to reinstate)).[2]  This is also fatal to Plaintiffs' claims.  *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985).

Although Plaintiffs now try to frame their arbitrated grievance as though it included a claim for unpaid vacation and severance, this directly conflicts with the silence on this issue in both Plaintiffs' actual grievance letters and the arbitrator's denial of grievance.  In deciding a Rule 12(b)(6) motion, a court must accept as true all of the well-pleaded factual allegations contained in the complaint.  This does not mean, however, that a court must turn a blind eye to the facts as shown in documents also appropriately considered in deciding a motion to dismiss if those facts directly contradict the conclusory allegations in the complaint.  Furthermore, Plaintiffs' current argument directly conflicts with the previous arguments contained in the briefing of the first motion to dismiss filed by OMLS.  *See* (Pls.' Opp. Br. to OMLS's First Mot. to Dismiss at 4–5, 16–17) [12].  This argument also directly conflict with the Original Complaint in which Plaintiffs sought a declaratory judgment that it was not necessary to exhaust their administrative remedies, thereby implying that they had not appropriately exhausted.  *See* (Compl. ¶ 6(b)).  A party cannot be permitted to take such contrary positions in the same

---

[2] Although a court generally does not take into consideration documents outside of the pleadings when deciding a motion to dismiss, consideration of a document that forms the basis of a claim or that is "integral to or explicitly relied upon in the complaint" is appropriate.  *See, e.g.*, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citations omitted).  Therefore, the Court deems it appropriate to rely on the Plaintiffs' grievance letters in this case.

litigation. *See, e.g.*, *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 181 (3d Cir. 2008) ("Although [Plaintiff's] attempt to salvage its [] claim now requires it to take a contrary position, the allegation in the amended complaint is a binding judicial admission."); *see also Parilla v. IAP Worldwide Serv., VI, Inc.*, 368 F.3d 269, 275 (3d Cir. 2004) (collecting cases) (same).

### IV.   CONCLUSION

For the reasons stated above, it is on this 7th day of May, 2012,

ORDERED that Defendant Ocean-Monmouth Legal Services, Inc.'s Motion to Dismiss [20] is hereby GRANTED; and it is

ORDERED that Defendant National Organization of Legal Service Workers, International Union United Automobile, Aerospace and Agricultural Implement Workers of America, Local 2320's Motion to Dismiss [21] is hereby GRANTED; and it is

ORDERED that all claims in the Amended Complaint against all Defendants are DISMISSED; and it is

ORDERED that this case is CLOSED.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.